# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

**THE BURLINGTON INSURANCE COMPANY**                                                 **PLAINTIFF**

V.                                       **CAUSE NO. 3:17-CV-234-CWR-FKB**
                                                             consolidated with
                                                  **CAUSE NO. 3:17-CV-683-CWR-FKB**

**AMERICAN LEGION POST 230;**                                                   **DEFENDANTS**
**AARON LEE; EDWARD HARRIS**

## ORDER GRANTING SUMMARY JUDGMENT

In 2016, Edward Harris filed a premises liability suit in state court against American Legion Post 230 and its manager, Aaron Lee. Harris alleged that while attending a party at the American Legion, he was shot by an unknown "assailant" "in the chest/back/lung area." Harris claimed that the American Legion and Lee were liable for his injuries because their premises was "the venue of frequent criminal activity" and they had failed to warn him "of past and foreseeable criminal conduct." In January 2017, he secured a default judgment against the American Legion and Lee for $818,727 in compensatory damages.

In April 2017, the American Legion's insurer, Burlington Insurance Company, commenced this action seeking a declaration that it had no duty to defend or to pay the state-court judgment. The case was docketed as No. 3:17-CV-234-CWR-FKB. Four months later, Burlington removed to this district Harris's attempt to garnish Burlington in the state-court lawsuit. That case number is No. 3:17-CV-683-CWR-FKB. The suits were consolidated.

Now before the Court is Burlington's motion for summary judgment. It contends that it has no duty to defend or pay the state-court judgment because Harris's injuries were not accidental and its policy contained an exclusion for assault and battery-caused injuries.

Under the familiar legal standard, the Court applies the undisputed facts to the plain language of the insurance policy. *Pilot Travel Centers, LLC v. Mid-Continent Cas. Co.*, No. 3:15-CV-360-CWR-LRA, 2016 WL 1633060, at *1–2 (S.D. Miss. Apr. 21, 2016).

The Court's review confirms that Burlington's insurance policy: (1) does not cover physical injuries "arising in whole or in part out of any 'assault' or 'battery' committed or attempted by any person," and (2) defines "battery" as "physical contact with a person without his or her consent that entails some injury or offensive touching." Taken together, these terms are sufficient to lift any obligation Burlington might have had to defend or pay Harris's judgment.

Harris presses that the shooter's motivations were unknown—it could have been an accidental discharge, rather than a battery—and seeks a jury trial to resolve any doubt. His state-court complaint, however, alleged injuries arising from criminal battery. He described the premises as "the venue of frequent criminal activity"; identified the shooter as an "assailant" rather than a bystander who accidentally discharged a weapon; and alleged that the American Legion and Lee had failed to warn him "of past and foreseeable criminal conduct." Burlington correctly looked to these allegations in determining that it had no duty to defend. *See Farmland Mut. Ins. Co. v. Scruggs*, 886 So. 2d 714, 719 (Miss. 2004). There can be no dispute about the cause of the injury, moreover, because the events set forth in the complaint were converted from allegations to established facts when Harris obtained his default judgment. *See Alexander v. The Miss. Bar*, 725 So. 2d 828, 834 (Miss. 1998) (collecting authorities).

Even a complaint drafted to avoid mentioning *criminal* activity may not have triggered the duty to defend. This type of "assault and battery" exclusion has been interpreted to relieve the insurer of the obligation to defend a claim where the premises owner, through negligence, allegedly failed to provide adequate security and failed to use precautionary measures to prevent

a shooting. *Coleman v. Acceptance Indem. Ins. Co.*, No. 5:08-CV-260-DCB-JMR, 2009 WL 1873742, at *4–5 (S.D. Miss. June 29, 2009). In affirming, the Court of Appeals noted that "[t]he victim's innocence in relation to [the] altercation is not relevant to the interpretation of the Exclusion." 369 F. App'x 595, 597 (5th Cir. 2010).

Burlington's motion is granted. A separate Final Judgment shall issue in each case.

**SO ORDERED**, this the 18th day of September, 2018.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE
